IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3047 |
| vs. | TENTATIVE FINDINGS AND ORDER |
| ROYANN L. SCHMIDGALL, | |
| Defendant. | |

The Court has received the presentence investigation report in this case. The defendant has objected to the presentence report (filing 56) and has filed a motion for variance (filing 55). In addition, the Court will provide notice to the parties of the Court's significant reservations regarding the propriety of the plea agreement (filing 29), and will direct the parties to be prepared, at the scheduled sentencing hearing, to address whether the Court should adopt the plea agreement.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the presentence report (filing 56). The defendant's first objection is that four paragraphs in the presentence report relating to assets purchased by the defendant "are false and misleading" because they imply that the assets were purchased with stolen funds. The defendant contends that implication is false and that the assets "are not properly considered as part of the loss or restitution computation." Filing 56 at 1. The defendant's objection will be overruled as moot. The Court's loss and restitution calculation is based on the payroll records from the defendant's employer, not the assets that might have been purchased with the funds. *See* filing 48.

3.    The defendant also objects that the loss calculation in the presentence report (which is based on the Court's own loss calculation) does not "take into account the total accrual of [the defendant's paid time off (PTO)] benefits prior to the time the Defendant began 'cashing out' her PTO bank." Filing 56 at 2. The defendant's objection will be overruled. The loss calculation proffered by the government and adopted by the Court accounted for the defendant's accrued PTO benefits by assuming that any benefits paid out before January 2009 were, in fact, actually accrued. *See* filings 45-1 and 48.

    The defendant argues that to calculate loss and restitution, the Court should "calculate the total number of PTO bank of hours accrued during the term of employment, multiplied by the then applicable hourly rate, less the total amount of money paid to the Defendant when she cashed out those benefits." Filing 56 at 3. The defendant contends that "[t]he loss would then be amount of 'excess benefits' that she was paid. It should not be the 'excess rate' at which she was paid." Filing 56 at 3. But mathematically, that is identical to the calculation that has already been made. The only difference is that the Court's calculation *assumes* that all the PTO hours paid out before 2009 were actually accrued. *See* filing 48. And that assumption does not prejudice the defendant—it gives her the benefit of the doubt.

> The defendant somehow concludes that the calculation being proffered now "would produce a loss and restitution amount of between $291,000.00 and $419,000.00 depending on assumptions and variables in the rate of salary and the rate of accrual." Filing 56 at 3. The defendant appears to have forgotten the stipulation reached before the previous evidentiary hearing that the total loss and restitution figure was *at least* $419,500, because of the fact that after January 1, 2009, the defendant had no remaining PTO hours to be paid out. Filing 36 at 5. And the defendant endorsed those facts in her post-hearing argument. Filing 47 at 1, 5. The arguments presented by the defendant at this point do not warrant rehashing the matters decided at the previous hearing on loss calculation. Therefore, the Court's tentative finding is that the defendant's objection lacks merit.

4. The defendant has also filed a motion for variance (filing 55). The defendant's motion for variance asks the Court to consider her "extraordinary efforts at restitution in this matter, which efforts are not adequately reflected in the Sentencing Guidelines." Filing 55 at 2. The defendant may present evidence at sentencing of her efforts to make restitution, and the Court will consider those efforts insofar as they bear on the § 3553(a) factors, as well as how they reflect on the defendant's acceptance of responsibility for purposes of U.S.S.G. § 3E1.1. *See United States v. Erhart*, 415 F.3d 965, 971-72 (8th Cir. 2005) (denial of acceptance of responsibility adjustment affirmed where defendant's decision to contest loss and restitution calculation was "minimizing what really happened"); *see also United States v. O'Malley*, 364 F.3d 974, 981-82 (8th Cir. 2004) (neither acceptance of responsibility adjustment nor downward departure warranted where defendant contested amount of restitution and tendered full restitution after court's ruling on amount of loss). For reasons that will become apparent below, the Court regards the defendant's motion for variance with some skepticism—but it will be finally resolved at sentencing.

5. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraphs, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

6. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon

opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

7. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

8. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

9. Having reviewed the presentence investigation report and the victim impact evidence provided by the probation office, the Court has significant doubts about whether accepting the plea agreement in this case (filing 29) is in the best interest of justice. *See United States v. Kling,* 516 F.3d 702, 704 (8th Cir. 2008). The Court is not obligated to accept a plea agreement and has discretion to reject one which it considers unfair. *See id.* The Court's concern in this case is that an 18-month sentence, given the circumstances of the offense, may not adequately reflect the seriousness of the offense. In light of the Court's findings regarding the loss calculation, the Guidelines range for this offense would (in the absence of the plea agreement) be in the range of 33 to 41 months—and that assumes a three-level reduction for acceptance of responsibility, which the Court has some reason to question at this point. The Court must determine, among other things, whether a sentence within the heartland of the Guidelines would more properly provide just punishment for this particular offense, promote respect for the law, and avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Fed. R. Crim. P. 11(c)(5) provides that to reject a Rule 11(c)(1)(C) plea agreement like the one at issue in this case, the Court must,

> on the record and in open court (or, for good cause, in camera):
>
> (A) inform the parties that the court rejects the plea agreement;

- 4 -

    (B)    advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

    (C)    advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

Therefore, despite the Court's reservations, this matter will remain set for hearing on July 22, 2013. The Court will decide at that hearing whether to accept the plea agreement, or reject the plea agreement pursuant to Rule 11(c)(5).

The parties should be prepared, at the July 22, 2013 hearing, to address the fairness of the plea agreement and whether it should be adopted. The government, in particular, should be prepared to explain, preferably in writing beforehand, its basis for the plea agreement. The defendant should be prepared to decide, should the Court reject the plea agreement, whether to (a) withdraw her plea pursuant to Rule 11(d)(2)(A), (b) stand on her plea and proceed to sentencing, or (c) request a continuance of the sentencing hearing to consider whether to proceed to trial or pursue some other disposition. *See generally, United States v. Rivera*, 209 Fed. Appx. 618, 620-21 (8th Cir. 2006).

Dated this 16th day of July, 2013.

                            BY THE COURT:

                            */s/ John M. Gerrard*
                            John M. Gerrard
                            United States District Judge